IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kavaun Palmer Heyward, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-cv-652-BHH |
| v. ) | |
| ) | **ORDER** |
| Christopher D. Parks, Berkeley County ) | |
| Sheriff's Office, Summerville Police ) | |
| Department, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Kavaun Palmer Heyward's ("Plaintiff") pro se complaint, which was referred to a United States Magistrate Judge for initial review, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

On March 31, 2023, the Magistrate Judge filed a proper form order instructing Plaintiff to provide the necessary information and paperwork to bring this case into proper form, and the Magistrate Judge notified Plaintiff that the failure to provide the necessary information within the applicable time frame would subject this case to dismissal. (ECF No. 5.) On April 21, 2023, the proper form order was returned to the Court, marked "return to sender unable to forward," and it appears that Plaintiff has been released from the Hill-Finklea Detention Center. (*See* ECF No. 8.)

Time to bring the case into proper form has now lapsed, and Plaintiff has failed to contact the Court in any way. Accordingly, on May 16, 2023, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and indicating that the Clerk would mail the Report to Plaintiff at his last known address, and if Plaintiff satisfied the

requirements for proceeding with the case as set forth in the proper form order, then the Clerk would vacate the Report. The Magistrate Judge also explained, however, that if Plaintiff failed to bring the case into proper form, then at the end of the time for filing objections to the Report, then the Clerk would forward the Report to the undersigned for disposition. At this time, Plaintiff has not brought the case into proper form and has not filed any objections to the Report or otherwise contacted the Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon Plaintiff's failure to comply with the orders of the Court.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 9) and hereby dismisses this action without prejudice in accordance with Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 6, 2023
Charleston, South Carolina